# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

**UNITED STATES OF AMERICA,**

**v.**                                                        **CASE NO. 5:06-CR-74 (HL)**

**GREGORIO GARCIA,**

        Defendant.

# ORDER

This case is before the Court on Defendant Gregorio Garcia's Motion to Withdraw Plea of Guilty.  (Doc. 79).  The Government has filed a response to the Motion.  For the reasons set forth below, Garcia's Motion is denied.

On April 18, 2007, before the Honorable Wilbur D. Owens Jr., Garcia pled guilty to one count of conspiracy to possess with the intent to distribute in excess of 500 grams of a substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 846, in accordance with 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), and 18 U.S.C. § 2.  Garcia was informed by Judge Owens during the change of plea hearing that if he pled guilty, he would be exposed to a mandatory minimum sentence of five years imprisonment, but could be sentenced to a maximum of 40 years imprisonment.  (Doc. 83, p. 7).  This same information was contained in the plea agreement signed by Garcia and filed with the Court on April 18, 2007.  (Doc. 59).  As part of that plea agreement, Garcia acknowledged that

(C)   . . . the Court is not bound by any estimate of the advisory sentencing range that defendant may have received from defendant's counsel, the government, or the Probation Office.  The defendant further acknowledges and agrees that defendant will not be allowed to withdraw defendant's plea because defendant has received an estimated guideline range from the government, defendant's counsel, or the Probation Office which is different from the advisory guideline range computed by the Probation Office in the Presentence Report and found by the Court to be the correct advisory range.

(D)   The defendant understands fully and has discussed with defendant's attorney that the Court will not be able to consider or determine an advisory guideline sentencing range until after a pre-sentence investigative report has been completed.  The defendant understands and has discussed with defendant's attorney that the defendant will have the opportunity to review the pre-sentence investigative report and challenge any facts reported therein.  The defendant understands and has discussed with defendant's attorney that any objections or challenges by the defendant or defendant's attorney to the Pre-Sentence Report, the Court's evaluation and rulings on that Report,  or the Court's sentence, will not be grounds for withdrawal of the plea of guilty.

(E)   Defendant understands and has discussed with defendant's attorney that after the Court considers the advisory guideline range for this case, the Court will have the discretion to impose a sentence that is more severe or less severe than the advisory guideline range.

(Doc. 59).

Garcia was represented by counsel during the change of plea hearing and in connection with the plea agreement.  Garcia has now filed a Motion to Withdraw his guilty plea.

Federal Rule of Criminal Procedure 11(d)(2)(B) provides that a defendant may withdraw a plea of guilty before the court imposes sentence if the defendant can show a fair and just reason for requesting the withdrawal.  The Eleventh Circuit has

2

held that, in determining if the defendant has met his burden, a district court may consider the totality of the circumstances surrounding the plea, including (1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea. United States v. Buckles, 843 F.2d 469, 472 (11th Cir. 1988).

Garcia contends that his guilty plea was not "knowing and voluntary" because after he entered his plea he learned that he would be subject to a sentencing enhancement under U.S.S.G. § 4B1.1(a) as a career offender. According to Garcia, it was unknown to counsel, the Government, and him that this enhancement could or would apply at the time the plea was negotiated and entered.

At Garcia's plea hearing, Judge Owens confirmed that Garcia understood the plea agreement, understood the rights that he was waiving, was satisfied with his counsel's services, and had not been coerced into entering a plea. Judge Owens determined that the plea was freely and voluntarily offered, and accepted it. (Doc. 83). There is no dispute that Garcia had the close assistance of counsel during the plea proceedings.

Garcia's argument that his plea was not given voluntarily because his career offender status was unknown at the time of the plea is without merit. The plea agreement unambiguously establishes that Garcia understood at the time of his plea that the Court was not bound by any estimate of the sentencing range received from

3

counsel, the Government, or the probation office and that the Court could not determine an advisory guideline sentencing range until the presentence investigative report was completed.   Moreover, Garcia expressly agreed that he would not be allowed to withdraw his plea based on the sentence imposed.   Any erroneous predictions by the Government or Garcia's counsel as to the guideline calculations do not provide a "fair and just reason" for withdrawing Garcia's plea.   *See* United States v. Garcia, 213 Fed. Appx. 817 (11th Cir. January 5, 2007) (unpublished); United States v. Pease, 240 F.3d 938 (11th Cir. 2001).

Accordingly, Garcia's Motion to Withdraw Plea of Guilty (Doc. 79) is **DENIED**.


**SO ORDERED**, this the 1st day of July, 2009.


*s/  Hugh Lawson*
**HUGH LAWSON**
**UNITED STATES SENIOR JUDGE**

mbh