IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| GREGORIO GARCIA, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | NO. 5:06-CR-00074 (MTT) |
| | : | NO. 5:11-CV-90092 (MTT) |
| UNITED STATES OF AMERICA, | : | |
| | : | Proceedings under 28 U.S.C. § 2255 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Before the Court is Petitioner Gregorio Garcia's Motion to Vacate, Correct, or Set Aside Sentence Pursuant to 28 U.S.C. § 2255. Doc. 107. Petitioner pleaded guilty to one count of conspiracy to possess with the intent to distribute over 500 grams of cocaine and was sentenced to 262 months imprisonment followed by five years of supervised release. In his motion, Petitioner claims that his plea was not knowing and voluntary because he was not given a sentence reduction for providing substantial assistance to the Government. Petitioner contends that he was not able to complete his efforts to provide substantial assistance because he believed that his cooperation with the government was placing his life in jeopardy. Because the record shows that Petitioner knowingly and willingly entered his guilty plea, it is hereby **RECOMMENDED** that Petitioner's motion be **DENIED**.

## BACKGROUND

a. **Course of Proceedings**

On July 20, 2006, a three-count indictment was returned in this court against Petitioner Gregorio Garcia and co-defendants Daniel Garcia and Daniel Garcia-Garces. Doc. 1. Count One charged Petitioner and his co-defendants with conspiracy to possess with the intent to distribute

over 500 grams of cocaine, in violation of 21 U.S.C. § 846 in accordance with 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii) and 18 U.S.C. § 2. Count Two charged Petitioner and his co-defendants with possession with the intent to distribute over 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii) and 18 U.S.C. § 2. Count Three charged co-defendant Daniel Garcia with distributing marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) and 18 U.S.C. § 2.

Following discovery and plea negotiations, Petitioner entered into a plea agreement with the Government. Doc. 59. In exchange for Petitioner's guilty plea to Count One of the indictment, the Government agreed to dismiss Count Two. Id. Petitioner entered his guilty plea on April 18, 2007. Doc. 83. Following his guilty plea, Petitioner traveled to Texas in an attempt to provide assistance to the Government by arranging drug deals. Doc. 99. On October 4, 2007, the Court granted the Government's motion to terminate Petitioner's informant agreement. Doc. 66. Because Petitioner had absconded and failed to surrender voluntarily, a bench warrant was issued for Petitioner's arrest. Doc. 68. The bench warrant was executed and Petitioner was arrested in the Southern District of Texas on January 23, 2009. Doc. 76.

On May 14, 2009, Petitioner moved to withdraw his guilty plea. Doc. 79. In the motion, Petitioner argued that his guilty plea was not knowing and voluntary because Petitioner was subject to a career offender sentencing enhancement under U.S.S.G. § 4B1.1(a), which was unforeseen by Petitioner, his counsel, and the Government at the time of the guilty plea.[1] Id.

On July 1, 2009, the Court denied Petitioner's motion to withdraw his guilty plea. Doc. 87. In denying Petitioner's motion, the Court relied on the fact that Petitioner acknowledged in

---

[1] The initial Notice of Estimated Sentencing Guideline Range prepared by the probation office states that Petitioner's estimated guideline range was 78-97 months imprisonment. Doc. 39. The notice, however, clearly states that the guideline range was merely a preliminary estimate that was subject to change after the completion of a presentence investigation. Id.

his plea agreement and at the change of plea hearing that he understood (1) that Petitioner could be sentenced to a prison term of five to forty years, (2) that the Court was not bound by any sentencing estimate provided to Petitioner by his counsel, the government, or the probation office, and (3) that the Court would not be able to consider the guideline sentencing range until after a Presentence Investigation Report (PSR) was completed. Id.

On July 30, 2009, Petitioner's case was called for sentencing. Doc. 99. Petitioner's counsel explained to the Court that Petitioner had absconded prior to completing his attempts to assist the Government because Petitioner feared for his life. Id. Counsel argued that the Court should not follow the harsh guideline range that resulted from his career-offender and obstruction of justice enhancements recommended by the PSR.[2] Id. The Court rejected Petitioner's arguments and accepted the PSR, which calculated Petitioner's guideline range as 262 to 327 months. Id. The Court sentenced Petitioner to 262 months imprisonment followed by five years of supervised release. Id.

On August 5, 2009, Petitioner filed a notice of appeal. Doc. 92. Following a review of counsel's brief pursuant to Anders v. California, 386 U.S. 738 (1967) and a review of the entire record, the Eleventh Circuit denied Petitioner's appeal on February 25, 2010. Doc. 102. On January 11, 2011, Petitioner filed the instant Section 2255 motion. Doc. 107.

### b. The Plea Agreement

On April 18, 2007, Petitioner signed a written plea agreement in which he agreed to plead guilty to Count Two of the indictment in exchange for the Government's dismissal of Count One. Doc. 59. By signing the plea agreement, Petitioner agreed that he understood the following: (1) that he was knowingly and willingly entering a plea of guilty to Count One; (2) that his guilty plea subjected him to a sentence of five to forty years imprisonment; (3) that the Court was not

---

[2] The obstruction of justice enhancement was a result of Petitioner's absconding.

bound by any sentencing estimates provided by Petitioner's counsel or the Government; (4) that he would not be able to withdraw his plea because he received an estimated guideline range from his counsel or the government that was different than that computed in his PSR; and, (5) that the Court would not be able to determine the appropriate guideline range until after a PSR was completed. Id. at ¶¶ 3(A)-(D).

Petitioner also acknowledged in the plea agreement that the Government could potentially file a substantial-assistance motion for a downward departure from Petitioner's sentencing guideline range. Doc. 59. The plea agreement stated:

> [t]hat [defendant] further agrees, if the defendant cooperates truthfully and completely with the government, including being debriefed and providing truthful testimony, at any proceeding resulting from or related to defendant's cooperation, to make the extent of the defendant's cooperation known to the sentencing court. If the defendant is not completely truthful and candid in his cooperation with the Government, the defendant may be subject to prosecution for perjury, false statements, obstruction of justice, and/or any other applicable charge. If the cooperation is completed prior to sentencing, **the government agrees to consider whether such cooperation qualifies as "substantial assistance"** pursuant to 18 U.S.C. Section 3553(e) and/or Section 5K1.1 of the advisory Sentencing Guidelines warranting a government motion at the time of sentencing recommending a downward departure from the advisory guideline range. If the cooperation is completed subsequent to sentencing, **the Government agrees to consider whether such cooperation qualifies as "substantial assistance"** pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure warranting the filing of a motion for reduction of sentence within one year of the imposition of sentence. **In either case, the defendant understands that the determination as to whether defendant has provided "substantial assistance" rests solely with the Government. Any good faith efforts on the part of the defendant that do not substantially assist in the investigation or prosecution of another person who has committed a crime will not result in either a motion for downward departure from the advisory guideline range or a Rule 35 motion.** In addition, should the defendant fail to cooperate truthfully and completely with the Government, or if the defendant engages in any additional criminal conduct, the defendant shall not be entitled to consideration pursuant to this paragraph.

Id. at ¶ 4(C) (emphasis added). Petitioner therefore acknowledged that he understood that the Government maintained discretion to determine whether any cooperation provided by Petitioner

constituted substantial assistance. The plea agreement was signed by Petitioner and his attorney. By signing the agreement, Petitioner confirmed that he discussed the agreement with his attorney and that he fully understood the agreement and agreed to all terms. Id.

## DISCUSSION

Petitioner's Section 2255 motion alleges that his plea was not knowing and voluntary because he was not given a sentence reduction for substantial assistance. Petitioner contends that he was not able to complete his efforts to provide substantial assistance to the Government because it became apparent to him that his life was in jeopardy due to his cooperation.[3] Petitioner does not allege that he pleaded guilty due to death threats; rather, Petitioner alleges that he could not provide substantial assistance because of death threats. Because the record shows that Petitioner's plea was knowing and voluntary and because Petitioner's plea agreement stated that the filing of a substantial-assistance motion for a downward departure from the sentencing guidelines was at the Government's discretion, Petitioner is not entitled to relief.

An evidentiary hearing is not needed in this case. Petitioner has the burden to establish the need for an evidentiary hearing, and the Court is not required to hold an evidentiary hearing where the record makes "manifest the lack of merit of a Section 2255 claim." United States v. Lagrone, 727 F.2d 1037, 1038. (11th Cir. 1984). As explained below, the files and records in this case are sufficient to show that Petitioner's claims are without merit, and no evidentiary hearing is necessary.

---

[3] Petitioner also alleges that the "Government's failure to provide for the Defendant's safety violated the good faith clause of the contract and rendered the Defendant's guilty plea involuntary." Doc. 107. There is nothing in the plea agreement or Petitioner's order for release pending sentencing that could be construed as a good faith clause nor is there any language requiring the Government to protect Petitioner. Moreover, Petitioner's absconding would have prevented any attempts by the Government to protect him.

Despite Petitioner's contentions, the record establishes that Petitioner knowingly and willingly entered his guilty plea. Because a guilty plea is also a waiver of constitutional rights, the guilty plea must be a voluntary, knowing, and intelligent act done with "sufficient awareness of the relevant circumstances and likely consequences." Brady v. United States, 397 U.S. 742, 748 (1970). The voluntariness of the plea is determined in view of all of the relevant surrounding circumstances. Id. Additionally, a guilty plea based on reasonably competent advice is an intelligent plea not open to attack. See United States v. Deal, 678 F.2d 1062, 1066 (11th Cir. 1982). Before accepting a guilty plea, the Court must "address the defendant personally in open court and make a determination that the plea is voluntary." Id.; see also FED. R. CRIM. P. 11(b)(2).

Petitioner's plea agreement, change of plea hearing, and sentencing hearing all provide sufficient evidence that Petitioner voluntarily and knowingly entered his guilty plea. As indicated above, Petitioner acknowledged in his plea agreement that he knowingly and voluntarily pleaded guilty to Count One of the indictment. Petitioner also acknowledged in the plea agreement that he understood the maximum penalty that he faced and that the Court was not bound by any sentencing estimates that Petitioner may have received from his counsel or the Government. Moreover, the plea agreement specifically stated that the filing of a 5K1.1 or Rule 35(b) substantial-assistance motion was left to the Government's discretion.

Petitioner also testified at the change of plea hearing that he knowingly and voluntarily entered his guilty plea. At the change of plea hearing, the Court informed Petitioner that he faced a maximum of forty years imprisonment. Doc. 83. Following a reading of the stipulated facts, the following exchange occurred between the Court and Petitioner:

THE COURT: Is that the truth?

>THE DEFENDANT: Yes, sir, it is.
>
>THE COURT: Has anybody promised you anything that is not in this agreement?
>
>THE DEFENDANT: No, sir.
>
>THE COURT: Has anyone done anything to make you enter a plea?
>
>THE DEFENDANT: No, sir.
>
>THE COURT: Do either of you know anything that's different from what the Court is being told?
>
>[THE GOVERNMENT]: No, your honor.
>
>[PETITIONER'S COUNSEL]: No, sir.
>
>THE COURT: Well, the Court then is satisfied, Mr. Garcia, that there's a factual basis for you plea, and that it is freely and voluntarily offered….

Id. Petitioner therefore agreed that he was freely and voluntarily entering his guilty plea. The Court sufficiently determined that Petitioner understood the rights that he was waiving by pleading guilty and that Petitioner was doing so under his own will.

At sentencing, Petitioner's counsel informed the Court that Petitioner failed to complete his assistance to the Government due to Petitioner's fear for his life. Doc. 99. Counsel stated that Petitioner had attempted to provide substantial assistance and that Petitioner had shown his willingness to cooperate by traveling to Texas and wearing a wire to arrange a drug deal. Id. Counsel argued that Petitioner had later decided to make himself unavailable to cooperate with authorities because Petitioner felt that his life was in danger. Id. Counsel also explained that at the time the parties negotiated Petitioner's guilty plea, the parties anticipated that Petitioner would be sentenced to approximately 60 months imprisonment. Id. Counsel therefore attempted to persuade the Court to sentence Petitioner below Petitioner's relatively high sentencing guideline range. The Court rejected Petitioner's argument and sentenced Petitioner to the low-

end of the guideline range, which was 262 months imprisonment. Id. The discussion at the sentencing hearing made it clear that Petitioner was not going to receive a downward departure based on substantial assistance. Following the discussion, the Court gave Petitioner an opportunity to speak before the sentence was imposed. Id. Petitioner replied, "[j]ust that I'm sorry, and we are all going to be judged by God one day." Id. Petitioner was therefore given ample opportunity to inform the Court that his plea was not knowing and voluntary based on the denial of a substantial-assistance motion for a downward departure, but Petitioner failed to do so.

Additionally, the Government's refusal to file a substantial-assistance motion does not provide Petitioner with a ground for relief. A district court can only review the government's refusal to file a substantial-assistance motion and grant a remedy if the court finds that the refusal to file the motion was based on an unconstitutional motive such as race or religion. Wade v. United States, 504 U.S. 181, 185-86 (1992). Petitioner has not alleged an unconstitutional motive. Petitioner has only alleged that he could not continue to assist the Government because he feared for his life. As such, the Court cannot consider the Government's failure to file a substantial-assistance motion as a ground to vacate his sentence.

## CONCLUSION

Petitioner's Section 2255 motion is simply another attempt to withdraw his guilty plea in order to relieve himself from his unexpectedly harsh sentence. Petitioner first attempted to withdraw his guilty plea as unknowing and involuntary before sentencing based on an unexpected career-offender enhancement. Now Petitioner contends that his guilty plea was unknowing and involuntary based on the Government's failure to file a substantial-assistance motion. Because the record clearly indicates that Petitioner knowingly and voluntarily entered

his guilty plea, it is hereby **RECOMMENDED** that Petitioner's Section 2255 motion be **DENIED**.

In addition, and pursuant to the requirements of Section 11(a) of the Rules Governing Section 2255 Proceedings, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court **DENY** a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned WITHIN FOURTEEN (10) DAYS after being served a copy thereof.

**SO RECOMMENDED**, this 11th day of September, 2012.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge